### DANIEL CHAMBERLAIN *vs.* JOHN B. HOOGS.

The provision of *St.* 1851, *c.* 233, § 32, (reënacted in *St.* 1852, *c.* 312, § 22,) that "no motion in arrest of judgment, for any cause existing before verdict, shall be allowed in any case where a verdict has been rendered, unless the same affects the jurisdiction of the court," does not apply to charges of fraud made by a creditor against his debtor, on his application to be admitted to take the poor debtors' oath, and on which he is found guilty by the jury.

A charge of fraud, made by a creditor against his debtor, on his application to be admitted to take the poor debtors' oath, "that at the time when the debt was contracted, for which the said debtor is now committed, he did not intend to pay the same," or "that he contracted said debt, having no intention to pay the same, and having no expectation that it would be paid," is not substantially a charge, within Rev. Sts. *c.* 98, § 31, "that the debtor contracted the debt, with an intention not to pay the same;" and is bad, even after verdict.

AT the examination of Hoogs on the 11th of December 1851, before two justices of the peace and of the quorum, upon his application to be admitted to take the poor debtors' oath, Chamberlain, the judgment creditor, appeared, and alleged against him in writing and filed the following charges of fraud: 1. "That at the time the debt was contracted, for which the said Hoogs is now committed, he did not intend to pay the same." 2. "That the said contract consisted of a check on the Shawmut Bank in Boston for six hundred dollars, which was given by said Hoogs to said Chamberlain, on the day it bears date, for six hundred dollars then lent said Hoogs by said Chamberlain; that said loan was made and check given at about two of the clock in the afternoon of said day; and that at the time said loan was made and check given, the said Hoogs represented to said

Chamberlain, or gave him to understand, that said check was good, and that he then had sufficient funds to his credit in said bank to pay said check; all which was false, and no funds were then to the credit of said Hoogs in said bank, nor had there ever been any funds in said bank to his credit; all of which was well known to said Hoogs at the time he made the same and delivered it to said Chamberlain ; and that he made the same and contracted said debt, having no intention to pay the same, and having no expectation that it would be paid." To these charges Hoogs pleaded not guilty ; and the justices decided in his favor.

The creditor appealed to the court of common pleas, where the issue joined on these charges was tried by a jury at January term 1852, and found for the creditor. The debtor moved in arrest of judgment, for the reason that the supposed fraud was not fully, plainly and formally set forth as the law requires ; because the first count or charge did not set forth the contract, and was uncertain as to the parties and contract; and because the charges did not allege that the debtor had the intent not to pay at the time of making said contract, if any. But *Wells*, C. J. overruled the motion ; whereupon the debtor alleged exceptions.

*J. H. Bradley*, for the debtor.

*W. Brigham*, for the creditor.

METCALF, J. The thirty-second section of the practice act, (*St.* 1851, *c.* 233,) under which the question in this case arises, and the twenty-second section of *St.* 1852, *c.* 312, which is now in force, provide as follows : " No motion in arrest of judgment, for any cause existing before verdict, shall be allowed in any case where a verdict has been rendered, unless the same affects the jurisdiction of the court." And the creditor's counsel relies on this provision to defeat the present motion. But our opinion is, that the provision applies to the " actions " at law, which are the subject of the preceding sections, and not to the case now before us. It is true that the Rev. Sts. *c.* 98, § 30, declare that the charges, which a creditor is allowed to allege against a debtor who gives notice of his intention to take the poor debtors' oath, " shall be considered in the nature of a suit

15 *

at law," and that the justices or the court "shall have the same powers, with respect to amendments, costs and all other inci-dents of the suit, as justices of the peace or other courts have in civil actions." Hence it is argued that this proceeding must be regarded as a civil suit or action, in all particulars, and there-fore that a motion in arrest of judgment is prohibited by the practice acts. But by § 36 of the same chapter, if the debtor, on a final trial of the charges alleged against him by his creditor, "shall be found guilty of any of the said charges, he shall be sentenced, by the justices, or the court before which the trial is had, to confinement at hard labor in the county jail or house of correction, for a term not exceeding one year." Such sen-tence is not one of the incidents of a civil action, but of a pro-ceeding for the punishment of a crime or offence. We must therefore regard the charges of fraud, in such a case as this, as charges of a criminal nature, which are required, by the Decla ration of Rights, as well as by the Rev. Sts. c. 98, § 28, to be fully, plainly and formally described to the party charged, before he can be held to answer for them. And as this statute, which is relied on by the creditor, prohibits the allowance of a motion in arrest of judgment in civil cases only, we proceed to examine the legal ground of the motion before us, on the principles of pleading which are applicable to criminal cases.

One of the four fraudulent acts which the Rev. Sts. c. 98, § 31, allow a creditor to charge on his debtor, in a case like this, is "substantially the following, to wit, that the debtor contracted the debt, with an intention not to pay the same." The charge, which this creditor has made, is in two forms. The first is, "that at the time when the debt was contracted, for which the said Hoogs is now committed, he did not intend to pay the same." The second is, that "he contracted said debt, having no intention to pay the same, and having no expectation that it would be paid." Is either of these charges substantially a charge that he "contracted the debt, with an intention not to pay the same?" We are all of opinion that it is not.

Not intending, or having no intention, to do a certain act, is substantially different from intending, or having an intention,

not to do it. The former expression imports the mere non-existence of an intention to do the act; the latter imports the actual existence of an intention not to do it. In the present case, the former expression is consistent with utter thoughtlessness and absence of all intention about payment; the latter is consistent only with a purpose not to pay. Of course, the former does not aver the state of mind which must accompany the act of contracting the debt, in order to render that act fraudulent and punishable.

No punishable act being charged against this debtor, he has not been found guilty of any such act, and it is unnecessary to cite authorities to show that no judgment can be rendered on the verdict. *Judgment arrested.*